**OIL, CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY, Defendant.**

**Civ. No. 6622.**

United States District Court
N. D. Oklahoma.

Dec. 20, 1967.

James E. Youngdahl, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., Maynard L. Ungerman, of Ungerman, Grabel, Ungerman & Leiter, Tulsa, Okl., John R. Tadlock, Acting Gen. Counsel, Denver, Colo., for plaintiff.

Russell H. Smith, Kothe, Eagleton & Hall, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

BARROW, Chief Judge.

This is an action seeking specific performance of a provision of a labor agreement between plaintiff and defendant, which provides that any complaint or grievance arising out of the application or interpretation of its terms be processed through a specified grievance procedure terminating in arbitration.

The Court has jurisdiction under Section 301 of the National Labor Relations Act, as amended. (29 U.S.C.A. Section 185.)

Both the plaintiff and the defendant have filed motions for summary judgment, and the defendant has also filed a motion to dismiss. The plaintiff admits by brief that the case is ripe for summary judgment and that there is no genuine issue of material fact.

The plaintiff Union, in August and November, 1966, filed two grievance complaints with defendant Company to the effect that defendant's refusal to recognize the Union as the collective bargaining agent for four refining plants newly acquired by defendant violated the terms of the union contract between the parties and also violated the price interpretation of the contract by the parties. The relief sought by the complaints was that the new plants "be brought under the provisions of the (union) contract as pro-

vided by that contract and by some twenty-five years of past practice."

The Company refused to consider the grievances, claiming that, since the Union did not represent the employees at the new plants, the matters complained of in the grievances were not proper subjects to be considered under the current labor contract.

Thereafter, and on November 30, 1966, the Company filed with the National Labor Relations Board a petition for unit clarification, pursuant to the rules and regulations of that body, in which it sought clarification of the contractual bargaining unit of the current contract.

On December 14, 1966, the Union filed this action alleging that the plaintiff had filed grievances alleging violations of the contract in staffing of and other contract applications to the new plants, and praying for an order requiring defendant to perform specifically its promise to arbitrate.

After a hearing by the National Labor Relations Board on the petition for unit clarification, but before it announced its decision, plaintiff and defendant entered into an agreement amending and extending the term of the labor agreement. One term of the amended agreement recognized that a dispute over the interpertation of the recognition clause existed and both parties agreed to abide by the interpretation of such clause in current "legal (including NLRB) proceedings."

The National Labor Relations Board entered its decision on June 9, 1967, which states, " * * * we do not construe the current contract of the parties as providing for a single Employer-wide unit of production and maintenance employees" and the Board then concluded "the plants here involved are not accretions to the existing unit." Whereupon, the petition for clarification was dismissed. The decision was based on two factors, first, that recognition is based on a majority of the employees at a new plant being represented by the Union, and the Union had not shown such majority representation, and, second, that it

had not been the uniform practice of the Company to extend recognition to the Union unless it was able to show it represented the majority of the employees in such new plant.

 Under the National Labor Relations Board ruling, the labor contract between the parties does not apply to the newly acquired plants, and this decision is superior to any ruling which could be made by an arbitrator. Carey v. Westinghouse, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320. And, since the grievances, as filed, sought recognition of the Union as the collective bargaining agent for the new plants and requested such plants be brought under the provisions of the Union contract, they were not proper subjects to be considered under the current labor agreement.

 The Union has cited the holding of United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, that an order to arbitrate should not be denied unless it is clear that the arbitration clause of the labor agreement is positively not susceptible to an interpretation covering the dispute. The Union complained of the refusal to recognize the Union as the bargaining agent for the new plants. The parties agreed to be bound by the National Labor Relations Board determination of this issue, which was made. Both sides are bound by this decision and the dispute is resolved.

In United States Gypsum Co. v. United Steelworkers of America, 5 Cir., 384 F.2d 38, the issue was whether a successor employer must arbitrate grievances arising under a collective bargaining contract entered into between predecessor employer and the union, notwithstanding the fact that the union had subsequently been decertified. The successor-employer contended that the Union, subsequent to decertification, had no right to enforce the agreement or any of its provisions. The Court held that decertification did not extinguish the substantive rights of employees under the contract or the Union's right to champion such rights, and that

the successor employer must arbitrate grievances arising under the contract.

In the present case, the employer does not assert that the union contract between ths parties is unenforcible—only that it does not apply to the newly acquired plants. It may well be that employees within the bargaining unit at plants covered by the union contract have been aggrieved by the manner and method of staffing the new plants. The decision here should not be construed to preclude the consideration of any such grievance when a proper complaint is filed, nor to impair the Union's right to enforce the arbitration provision of such contract on behalf of such employees.

The Court concludes that the motion of the plaintiff for summary judgment should be overruled, and the motion of the defendant for summary judgment in its favor should be sustained, and an order so holding will be filed.